**G.M. MEREDITH & ASSOCIATES, Plaintiff-Appellant,**

**v.**

**BLUE PACIFIC MANAGEMENT CORP.,**
**Agent for Pago Plaza, Defendant-Appellees.**

High Court of American Samoa
Appellate Division

AP No. 17-95
CA No. 108-90

April 10, 1997

Before GOODWIN[*], Acting Associate Justice, WALLACE[**], Acting Associate Justice, VAIVAO, Associate Judge, ATIULAGI Associate Judge.

Counsel: For Appellant, Roy J. D. Hall
For Appellee, William H. Reardon

---

[*] Honorable Alfred T. Goodwin, Senior Circuit Judge, United States Court of Appeals, for the Ninth Circuit, serving by designation of the Secretary of the Interior.
[**] Honorable J. Clifford Wallace, Senior Circuit Judge, United States Court of Appeals, for the Ninth Circuit, serving by designation of the Secretary of the Interior.

OPINION

GOODWIN, Acting Associate Justice.

G.M. Meredith and Associates (GMA) sued Blue Pacific Management in CA No. 108-90 to recover unpaid compensation for services rendered by GMA to Blue Pacific as agent of Pago Plaza. Blue Pacific counterclaimed for damages caused by alleged defects in the design and installation of the skylight by GMA at the office building owned by Plaza. After the other issues in the litigation were resolved in the trial court, trial proceeded on the counterclaim, ending with a judgment in favor of Blue Pacific. This judgment, for $20,900, the only subject of this appeal, is affirmed.

The damages were measured by the costs incurred by Blue Pacific in replacing the original skylight designed and installed by persons employed and supervised by GMA after Hurricane Ofa removed and destroyed it. The counterclaim was tried on a negligence theory, although there was no direct evidence of a specific design defect, or of specific acts of negligence. The proof was that GMA undertook to design and supervise the installation of a skylight and performed the work in a manner that permitted the skylight to be destroyed by the first hurricane to come along, in a geographic region that is frequently visited by such storms.

The proof was that the skylight could not survive the force of Hurricane Ofa, which all agreed was not of extraordinary force or violence by hurricane standards in Samoa. There was also proof that the replacement skylight survived Hurricane Val, a hurricane of substantially greater force than that of Ofa. Accordingly, the court made findings of fact to the effect that GMA had undertaken to design and supervise installation of a skylight that would withstand winds of hurricane strength; that hurricanes are common in the vicinity of Pago Pago; that the skylight installed by GMA was defective; and that GMA's architect was negligent in the design and supervision of the construction of the defective skylight, and that GMA was liable to Blue Pacific for the foreseeable costs of replacing the defective installation.

The appeal argues that the statement of the trial court that it was relying on the doctrine of *res ipsa loquitur* fatally infects the other findings and requires reversal of the judgment.

We hold that whether the Latin phrase was employed with pristine acuity or was merely a response to mantra-like prompting by prevailing counsel, it was harmless.

5

■ As this court held in *Iosia v. National Pacific Ins. Ltd.*, 20 A.S.R.2d 123 (App. Div. 1992),

> res ipsa loquitur [is] no more than one form of circumstantial evidence. . . . The inference of negligence to be drawn from the circumstances is left to the jury. They are permitted, but not compelled, to find it.
>
> . . . .
>
> In other words, the doctrine, when applicable, merely establishes a permissive inference of negligence which the factfinder is not required to adopt.

*Id.* at 124-25, *quoting* Prosser, Torts 40 (5th ed. 1984). The trial did not hold GMA strictly or absolutely liable for the skylight. Rather, it inferred from circumstantial evidence that GMA negligently designed and supervised the construction of the skylight. The operative facts of this case were simple, the proof was clear, and the judgment was consistent with the proof.

■ The appeal also assigns error to the trial court's taking judicial notice of the comparative strengths of hurricanes at various times and places. While an effort was made by the defense to dispute the exact wind strengths at various times and places, these statistics were not likely to prove any disputed fact. The inescapable fact was that the defendant undertook to build a skylight in hurricane country, knowing that if the skylight was not carefully designed and installed with sufficient windproofing safeguards, it would not survive the foreseeable storms likely to assault the building site. Contrary to the arguments of the defense, the case was not decided upon a theory of strict or absolute liability. It was perfectly proper to treat the matter as a simple negligence action for damages caused by the errors and omissions of an architect or of a subcontractor.

AFFIRMED.